## Patterson Trust

*Joseph H. Grubb, Jr.*, for accountants.
*William T. Coleman, Jr.*, p. p.

KLEIN, P. J., June 13, 1956.—By irrevocable deed dated October 16, 1942, Alexander Patterson transferred and assigned certain assets described in schedule "A", annexed thereto, to Allen E. Whiting and Fidelity-Philadelphia Trust Company, in trust, to pay the net income therefrom to himself, for life, and upon his death to pay the principal one third to his widow, if any such should survive him, and the other two thirds (or the entire principal, if no wife should survive him) in equal shares to such of his children as might be living at his death, and the issue then living of any child then deceased, per stirpes, and if settlor should die without leaving any child or children or issue him surviving, then to pay over the entire principal (less the share that any widow might be entitled to), together with all income accumulated or accrued, to such person or persons and in such proportions as would be entitled under the Intestate Laws of the State of Pennsylvania, then in force, to take the estate of his mother, Eleanor Patterson, if she had died immediately after the death of settlor, with further provisions which it does not appear necessary to recite in this adjudication, as a copy of the deed, and amendment thereto, appointing Gerald J. Downing as substituted cotrustee, in accordance with the provisions of article IV of the deed, certified by counsel to be a true and correct copy, is annexed hereto.

Alexander Patterson, settlor and primary cestui que trust, is living, and the trust continues for his benefit. He appears to be unmarried and to have no children or issue, as none are mentioned in the statement of proposed distribution.

Eleanor Patterson, mother of settlor, is stated to have died on August 25, 1920, leaving to survive her, in addition to settlor, two children, Elisabeth H. Whiting and Willson H. Patterson. The said Elisabeth H. Whiting appears to have two children, both of age,

and two grandchildren, both of whom are minors. Willson H. Patterson is stated to have no issue.

The occasion of the filing of the present account was the death on June 30, 1955, of Allen E. Whiting, individual cotrustee, and the appointment by settlor in accordance with the power reserved by him under article IV of the deed of trust of Gerald J. Downing, as substituted cotrustee, as recited above.

The names and interests of all parties in interest appear to have been fully and accurately set forth in the statement of proposed distribution and need not be recapitulated in this adjudication.

By decree of this court, dated December 9, 1955, William T. Coleman, Jr., Esq., was appointed guardian ad litem for minors and trustee ad litem for any possible unborn and unascertained parties in interest.

All parties in interest are stated to have had notice of this audit and Mr. Coleman, as guardian and trustee ad litem, filed a written report, which is annexed hereto, in which he approved the account, except for the item of commissions to the corporate trustee, which will be hereinafter discussed. He also requested an allowance of $500 to compensate him for his services as such guardian and trustee ad litem, which amount conforms to the schedule of compensation for guardians and trustees ad litem, effective in this court, January 17, 1955, and it will be so awarded, the same to be charged against principal.

By paragraph V of the deed of trust, it is provided that the compensation of the trustees shall be "as agreed upon by them and the Settlor and shall be binding upon all parties having any interest" under the deed. Pursuant thereto, an agreement, date October 16, 1942, was entered into between settlor and the Fidelity-Philadelphia Trust Company, the corporate trustee, and a photostatic copy thereof is annexed hereto.

Credits are taken in the account for payments out of principal in compensation of the trustees as follows:

Elisabeth H. Whiting and Willson Whiting,
    executors of the will of Allen E. Whiting,
    deceased cotrustee—13/40th of one third
    of five percent on $297,785.87 ......... $1,613.01

Fidelity-Philadelphia Trust Company on ac-
    count of such compensation as has been
    earned by it to the date of filing of this
    account, and on account of such additional
    compensation as otherwise may be allowed
    the accountant at any subsequent account-
    ing—13/40th of two thirds of five percent
    on $297,785.87 ...................... $3,226.01

The credits so taken appear to be in accordance with the terms of the said agreement, at least with respect to the *amounts* thereof, as to which there were no objections.

By writing submitted to the auditing judge at the audit and annexed hereto, Alexander Patterson, settlor and cestui que trust, approved the account, *with specific reference to the above recited credits for compensation to the trustees*, and waived an accounting of income to May 27, 1955, and also any apportionment between principal and income, of stock dividends, rights or other apportionable items in the account.

No objection was presented by the guardian and trustee ad litem to the payment of commissions to the executors of the estate of the deceased individual trustee, in the sum of $1,613.01.

The guardian and trustee ad litem did, however, object to payment at this time of commissions, in the sum of $3,226.01, to the corporate cotrustee, on the grounds that such payment constitutes an interim commission, and that commissions on principal are only payable under the compensation agreement of October 16, 1942, at the *termination* of the trust.

In the opinion of the auditing judge the objection of the guardian and trustee ad litem to payment of a so-called interim commission to the corporate fiduciary is not well taken, since settlor, himself, has approved this payment. Under the terms of the controlling deed, it is provided that the compensation of the trustees "shall be agreed upon by them and the settlor *and shall be binding upon all parties having any interest thereunder*", which clearly contemplates the parties represented by the guardian and trustee ad litem. (Italics supplied.)

We must bear in mind that Alexander Patterson, settlor, created this trust entirely with his own property shortly after he became of age in 1942, primarily because he was "without the necessary experience or business training to properly care for his estate".

In Goodell's Estate, 53 D. & C. 13, 18 (1945), we said:

"The living trust is being regarded with increasing favor in recent years in this country because of the growing complexities of investment and tax problems. The courts, recognizing this trend, have viewed these trusts more liberally in order to give effect to the wishes of settlors."

We said further at page 21:

". . . the deed must therefore be construed in a benevolent spirit, giving the settlor every benefit of construction and resolving all doubts and uncertainties in his favor."

In view of the fact that settlor was the original owner of the trust res and the trust was created by him to serve purposes of his choosing, we must assume that whatever right to, or dominion over, the property, which he has not specifically surrendered to the trustees, was reserved by him. Any questionable reservation must be construed in a spirit most favorable to him and his reasonable wishes.

In the present case settlor reserved to himself not only the right to determine the trustees' compensation by agreement with them, but also the right to select a substitute individual cotrustee in the event of the death, resignation or discharge of Allen E. Whiting, the individual trustee named in the original trust indenture.

Settlor's written approval of the account, and of the credits for commissions to the trustees, was merely a further exercise of his reserved right to negotiate commissions with the trustees. The auditing judge can see no merit in the argument that the agreement of October 16, 1942, between settlor and the trustees, exhausted settlor's right to negotiate the matter of commissions further with his trustees, particularly since, under paragraph 4 of the deed, settlor reserved the right to appoint a succeeding cotrustee.

This right to name the succeeding cotrustee certainly includes the right to negotiate commissions with such trustee and, impliedly, to renegotiate the matter of the corporate trustees' compensation in the light of the revised fiduciary relationship.

The account will accordingly be confirmed as stated.

It appears from the statement of proposed distribution that there is no question of Pennsylvania inheritance tax in connection with this accounting. No claim for tax was made by the Commonwealth at the audit.

Mention is made above of settlor's approval of the account and waiver of income accounting and possible apportionments. By further writings annexed hereto, Elisabeth H. Whiting, Willson H. Patterson, Willson Whiting and John Robb Whiting approved the account and acknowledged receipt of notice of the audit thereof.

By writing dated September 1, 1955, a photostatic copy of which is annexed hereto, Alexander Patterson, settlor, Fidelity-Philadelphia Trust Company, con-

tinuing trustee, and Gerald J. Downing, substituted trustee, have agreed upon the further compensation of the trustees, all of which is payable out of income, and to which there was no objection at the audit by Mr. Coleman, as guardian and trustee ad litem.

The balance of principal, personalty, composed as stated, is ...........................$241,741.90
from which there is awarded to Mr. Cole-
man, in compensation for his services
as guardian and trustee ad litem, ....    500.00

leaving ........................ $241,241.90
which is awarded to Fidelity-Philadelphia Trust Company, surviving trustee, and Gerald J. Dowing, substituted cotrustee, in trust for the uses and purposes declared by the deed of trust, subject, however, as requested in the statement of proposed distribution, to reimbursement to the accountants for the overdraft of cash shown in the account.

The balance of income, personalty, is $2,540.30, which, together with any further income or interest on deposits, is awarded to Alexander Patterson.

The above awards are subject to payments already made on account of distribution, as per distribution account.

Leave is granted to the accountants to make all transfers and assignments necessary to effect distribution in accordance with this adjudication.

The certificate of the official examiner as to the award to the accountants in trust will be produced to the auditing judge in accordance with the rule of court.

And now, June 13, 1956, the account is confirmed nisi.